<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF ENGLEWOOD,<br><br>*Defendant.* | Case No.: 24-cv-06396-JKS-SDA<br><br>**OPINION**<br><br>January 8, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court on Defendant City of Englewood's ("Defendant" or "Englewood"), Motion for Judgment on the Pleadings as to Plaintiff Bradley Livingston's ("Plaintiff" or "Livingston") Complaint (ECF 1, "Compl."), pursuant to Federal Rule of Civil Procedure 12(c). (ECF 10.) Per Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' for the purposes of Rule 12(c), once a complaint and answers by all defendants have been filed." *Andro v. Union Carbide Corp.*, No. 13-5249, 2014 WL 1371713, at *2 (D.N.J. Apr. 8, 2014) (quoting *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)) (alteration and citation omitted). Defendant has not filed an answer to Plaintiff's Complaint, and therefore, the pleadings are not "closed" pursuant to Rule 12(c); and

**WHEREAS** because Englewood has not answered Plaintiff's Complaint prior to moving for judgment on the pleadings as required by Rule 12(c), the Court will treat Englewood's motion as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See id.*; *Jung v. Ass'n of Am. Med. Colleges,* 339 F. Supp. 2d 26, 35 (D.D.C.

2004) (stating that "if a party files a Rule 12(c) motion before its answer, the Court may treat it as a motion to dismiss under Rule 12(b)(6) for failure to state a claim"), *aff'd,* 184 F. App'x 9 (D.C. Cir. 2006); *Seber v. Unger,* 881 F. Supp. 323, 325 n. 2 (N.D. Ill. 1995) (describing the "common practice of treating the premature Rule 12(c) motion as a Rule 12(b)(6) motion" and citing cases). Indeed, "[a]s a practical matter, the conversion makes little difference; the standards under Rules 12(b)(6) and 12(c) are essentially identical." *McGuigan,* 629 F. Supp. 2d at 80 n. 4 (citing *Estate of Bennett v. Wainwright,* 548 F.3d 155, 163 (1st Cir. 2008)); and

**WHEREAS** the Court reviewed all submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice**; and

**WHEREAS** Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789; and

**WHEREAS** in evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010); and

**WHEREAS** it is well established that a *pro se* complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe *pro se* claims liberally and afford *pro se* plaintiffs the benefit of every doubt. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). Notwithstanding, Plaintiff's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that a complaint's allegations are "simple, concise, and direct." Fed. R. Civ. P. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); and

**WHEREAS** here, Plaintiff's Complaint does not pass muster under Rule 8(a). The Complaint fails to answer the basic questions necessary for the Court and Defendants to understand

the nature of Plaintiff's claims. Indeed, Plaintiff's complaint fails to assert any legally cognizable claim against Defendant and instead seems to blame Defendant in a conclusory fashion for not enforcing federal immigration laws as it relates to Plaintiff's ex-wife's alleged marriage fraud. (*See* ECF 1, Compl. at 3.) Furthermore, contained within Plaintiff's Letter of Intent are claims for nuisance, harassment, and civil rights 440 against Defendant without including any facts in the Complaint to support those claims.[1] (*See* ECF 1-2, "Letter of Intent to Sue"); and

**WHEREAS** Plaintiff's legal conclusions that "the Englewood Police department failure [sic] to enforce immigration laws and violation of Amendment 1 Rights of a native born citizen who tried to make reports and they refuse to not [sic] cooperate and let continuously a [sic] immigrant to [sic] commit crimes of money laundering by not enforcing immigration laws" are not accepted as true, and Plaintiff has not presented facts to support those claims. (ECF 1 at 3); *see Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted and must be dismissed; therefore

Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff shall have thirty (30) days to file an amended complaint to address the deficiencies identified herein. Failure to timely file an amended complaint or adequately amend the Complaint to cure the defects **will result in a dismissal with prejudice**. An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.

---

[1] The Court relies on documents integral to or relied upon by the Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).