UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**BRADLEY TALMADGE LIVINGSTON,**

Plaintiff,

vs.

**CITY OF ENGLEWOOD NEW JERSEY**,

Defendants.

Civil Action No.

24-cv-6396-JKS-SDA

**OPINION & ORDER**

September 2, 2025

**THIS MATTER** comes before the Court on the motion filed by *pro se* plaintiff Bradley Talmadge Livingston ("Plaintiff") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 87). Defendant City of Englewood New Jersey ("Defendant") opposed the motion. (ECF No. 88). Plaintiff replied to the opposition. (ECF No. 89). The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the motion is **DENIED**.

## BACKGROUND

Plaintiff filed a Complaint on May 22, 2024 alleging that the City of Englewood's police department failed to enforce immigration laws. (ECF No. 1). Following the opinion and order from the Honorable Jamel K. Semper, United States District Judge, granting Defendant's motion to dismiss on January 8, 2025, Plaintiff filed an amended complaint that same day. (ECF Nos. 44-45, 46). The amended complaint does not contain any clearly delineated claims, however, it references the Immigration Marriage Fraud Amendments Act of 1986 ("IMFA"), 8 U.S.C. § 1325 and 18 U.S.C. § 1546(a), the Immigration and Nationality Act ("INA"), 8 U.S.C.S. §§ 1101-1537, the

New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 et seq., and the Civil Rights Act of 1871 ("CRA"), 42 U.S.C. §1983. (ECF No. 46).

## DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Plaintiff asserts he needs legal representation because the action involves complex issues, and because he has limited abilities to effectively investigate and present his claims due to his lack of resources and legal training. (ECF No. 87 at 1-2). Additionally, he claims that he lacks the financial resources to retain private counsel. (*Id.* at 2).

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations; and
6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58.

Here, the Court will assume for purposes of this motion that Plaintiff's claims have some merit. Nevertheless, the *Tabron* factors weigh against granting Plaintiff the relief sought. There is nothing to suggest that Plaintiff lacks the ability to competently present his case, understand the relevant legal issues, and participate in discovery – particularly given the leniency afforded to pro se litigants by the court as to procedural rules and interpretation of pleadings. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). The Court will consider the six factors in turn.

First, Plaintiff has failed to demonstrate that he is unable to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. While Plaintiff has been overzealous in the number of filings he has made on the docket, a review of these various filings demonstrate he is not only literate, but that he possesses the skill needed to review court rules, research legal issues, draft and file documents and advocate for himself. Plaintiff currently has filed at least nine (9) separate lawsuits in the District of New Jersey, each with a plethora of filings addressing different legal issues. This undermines any claim that Plaintiff is unable to handle his own cases. In short, there is no support for Plaintiff's contention that he is unable to prosecute his claims himself.

Second, this action does not involve overly complex legal or factual issues. Although Plaintiff asserts the lawsuit is complex because it involves issues constitutional law, the Court believes the matter hinges on rather straightforward allegations related to 42 U.S.C. § 1983 which pro se litigants can often navigate by themselves.

Third, this matter has already proceeded to the discovery stage and there has been no indication that Plaintiff does not understand the questions posed of him, the Court's rules or the Court's orders. This *Tabron* factor therefore also weighs against appointment of counsel.

Fourth, the Court must consider whether Plaintiff can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Plaintiff requested to proceed *in forma pauperis* (ECF No. 31), however, Judge Semper denied this request on January 21, 2025. (ECF No. 53). Since Plaintiff failed to present any evidence of indigence or persuasively demonstrate that he lacks the financial means to retain counsel, this factor also weighs against appointment of counsel.

Fifth, it is unclear at this time how significant credibility determinations will be to Plaintiff's presentation of the case. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Nothing in the record suggests that this case will involve a swearing contest, however, even assuming it does, the Court is not persuaded that this factor alone is not enough to justify the appointment of pro bono counsel at this point.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither the Complaint nor Plaintiff's motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action. *Parham*, 126 F.3d at 458. Here, the totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent Plaintiff in this action at this juncture in the litigation.

## CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Plaintiff is not warranted. Accordingly,

**IT IS** on this 2nd day of September, 2025:

**ORDERED** that the motion by Plaintiff for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED** without prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 87.

**IT IS SO ORDERED.**

*s/ Stacey D. Adams*
**STACEY D. ADAMS, U.S.M.J.**

Orig:  Clerk
cc:    Counsel of Record