<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON, *Plaintiff*, v. CITY OF ENGLEWOOD NEW JERSEY, *Defendant*. | Civil Action No. 24-cv-06396 **OPINION AND ORDER** September 11, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on *pro se* Plaintiff Bradley Livingston's ("Plaintiff") motion for recusal of the Undersigned. (ECF 47, "Motion" or "Pl. Mot."). Defendant City of Englewood New Jersey ("Defendant" or "Englewood") opposed the motion. (ECF 54, "Opp."). Plaintiff filed a reply. (ECF 57, "Reply."). The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for recusal is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises from *pro se* Plaintiff's grievances against Englewood's police department for allegedly failing to enforce federal immigration laws against Plaintiff's ex-wife. (*See* ECF 1 (Complaint); ECF 46 (First Amended Complaint).)

Plaintiff filed this case on May 22, 2024. (ECF 1.) On January 8, 2025, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF 44, ECF 45.) That same day, Plaintiff filed an Amended Complaint (ECF 46) and also moved to recuse the Undersigned. (ECF 47.)

Plaintiff is a frequent litigant in this District. (*See* ECF 76 at 1-2.). He has sought judicial recusal in a number of the matters in which he is Plaintiff. (*Id.* at 2.). In this matter, Plaintiff has separately sought the recusal of Magistrate Judge Stacey Adams, alleging that Judge Adams was "biased and prejudiced" against him. (ECF 42 at 1.). Plaintiff's motion to recuse Judge Adams was denied on April 2, 2025. (ECF 76.).

II.     **LEGAL STANDARD**

Recusal decisions are within the "sound discretion" of the trial court judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). The two federal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455. *Clauso v. Bonds*, No. 18-12217, 2022 WL 92803, at *1 (D.N.J. Jan. 10, 2022).

Pursuant to 28 U.S.C. § 144, recusal is required where "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. A "'substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial.'" *Reeves v. Hemsley*, No. 18-14061, 2019 WL 2560133, at *1 (D.N.J. June 21, 2019) (quoting *Frolow v. Wilson Sporting Goods Co.*, No. 05-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011)).

Under § 455(a), recusal is required where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "'The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (quoting *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003)). A party moving pursuant to § 455(a) "need not show actual bias." *Karteron v. Garland*, No. 22-00539, 2023 WL 2238066, at *2 (D.N.J.

Feb. 24, 2023) (citing *In re Kensington Int'l Ltd.*, 368 F.3d 289, 302 (3d Cir. 2004)). Rather, the movant only needs to demonstrate an "objective appearance of bias, rather than bias-in-fact." *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982).

Pursuant to § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Under § 455(b)(1), a movant must show 'a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess…or because it is excessive in degree.'" *Karteron*, 2023 WL 2238066, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). Unlike § 455(a), § 455(b)(1) also requires a showing of "actual bias or prejudice held." *Id.* (citing *United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) ("Although subsection (a) requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact.")).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion," and are instead "proper grounds for appeal, not for recusal." *Liteky* 510 U.S. at 555; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal…").

### III. <u>ANALYSIS</u>

In the instant Motion (ECF 47), Plaintiff seeks the recusal of the Undersigned pursuant to 28 U.S.C. § 144, alleging without any support that the Undersigned is "biased and prejudiced against the plaintiff Bradley Livingston and that he is biased and prejudiced in the context of the case[.]" (Pl. Mot. at 1). Although Plaintiff references an "Affidavit of Bias and Prejudice"

3

submitted with his Motion (*id.*), Plaintiff failed to file a supporting affidavit. Instead, Plaintiff included with his Motion a letter stating that the Motion is based on 28 U.S.C. § 144, and in which he repeats, verbatim, the first part of the statute. (*Id*. at 2). Plaintiff's letter ends with the arguably threatening conclusion that "[t]he Bible verse that states God will punish those who persecute you is 2 Thessalonians 1:6: 'In his justice he will pay back those who persecute you.'" (*Id.*).

Defendant argues in opposition that Plaintiff's motion "lacks any factual or legal basis to demonstrate bias or prejudice warranting disqualification under 28 U.S.C. § 455."[1] (Opp. at 1.). Defendant further states that the allegations in Plaintiff's motion "are conclusory and unsupported by specific evidence, relying solely on adverse rulings, which are insufficient to establish bias." (*Id.*). Plaintiff responds by challenging the timeliness of Defendant's opposition. (Reply at 1.).[2]

Plaintiff's Motion fails under both §§ 144 and 455. As to § 144, Plaintiff failed to file an affidavit in support of his motion for recusal. (*See* ECF 47.). To the extent Plaintiff intended for the letter appended to his Motion to function as an affidavit (*see id.* at 2), this letter fails to show that Judge Semper "has a personal bias or prejudice either against him or in favor of any adverse party." (*See id.*; 28 U.S.C. § 144). Rather, Plaintiff's allegations of bias and prejudice are conclusory, and such conclusory allegations are insufficient to support a recusal motion under §

---

[1] Plaintiff seeks recusal pursuant to 28 U.S.C. § 144 and Defendant cites to 28 U.S.C. § 455 in opposition. The Court will address both statutes in this opinion.

[2] In his Reply, Plaintiff implies that Defendant failed to meet a 10-day deadline to respond to the Motion. (Reply at 1.) Plaintiff's argument appears to be that since the Motion was filed on January 8, 2025, Defendant was required to file a response by January 18, 2025. (*See* Pl. Mot. at 1; Reply at 1.). Defendant filed its opposition on January 21, 2025. The briefing schedule for motions in this District is guided by Local Rule 78.1. Local Rule 78.1(a) provides in pertinent part: "The Clerk shall publish a list of all regular motion days for each calendar year, and corresponding filing deadlines, on the website of the Court . . . ." L. Civ. R. 78.1(a). Since Plaintiff filed the Motion January 8, 2025, the corresponding motion day was February 3, 2025. *See Motion Day Calendar*, U.S. Dist. Ct. for the D.N.J. (2025), https://www.njd.uscourts.gov/sites/njd/files/2025Motions.pdf ("Motion Calendar"). The deadline for opposition papers for the February 3 motion day was January 21, 2025, which Defendant satisfied when it filed its opposition on January 21, 2025. *See* Motion Calendar; Opp. at 1. Accordingly, the Court rejects Plaintiff's argument that Defendant's opposition was untimely.

144.³ *See Smith v. Vidonish*, 210 F. App'x 152, 155 (3d Cir. 2006) ("section 144 requires a sufficient affidavit, and conclusory statements need not be credited") (citations omitted); *see also Obado v. United States*, No. 17-1943, 2021 WL 493263, at *1 (D.N.J. Feb. 9, 2021) (when considering a motion for recusal under § 144, the Court "need not accept the moving party's conclusions, conjecture, speculation or surmises"); *Livingston v. Williams*, No. 24-01056, 2025 WL 1343087, at *1-2 (D.N.J. Apr. 2, 2025) (denying Livingston's motion for recusal pursuant to § 144 in a different case where he alleged that the presiding Magistrate Judge was "biased and prejudiced" without "providing any basis for this assertion").

Plaintiff's motion also fails under § 455(a) because Plaintiff does not provide a factual basis showing that the Undersigned has an "objective appearance of bias." *See Nobel*, 696 F.2d at 235; *see also Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2023 WL 4408274, at *4 (D.N.J. July 7, 2023) (denying plaintiff's motion for recusal under § 455(a) where plaintiff failed to "provide objective facts creating an appearance of impropriety to a reasonable person"), *aff'd*, No. 23-2402, 2024 WL 1427585 (3d Cir. Apr. 3, 2024). Plaintiff's motion further fails under § 455(b)(1) because Plaintiff's conclusory allegations fail to show that the Undersigned harbors "actual bias or prejudice" towards him. *See Karteron*, 2023 WL 2238066, at *2; *see also Ferrer v. Leahy*, No. 20-3901, 2022 WL 17340723, at *1, 4-6 (D.N.J. Nov. 30, 2022) (denying plaintiff's

---

³ Where a recusal motion is filed pursuant to § 144, "another judge must rule on the recusal motion so long as the supporting affidavit meets the 'sufficiency test.'" *Carter v. New Jersey*, No. 11-439, 2011 WL 5864083, at *10 n.7 (D.N.J. Nov. 22, 2011) (citing *In re Kensington*, 353 F.3d at 223 n.12, 224). Here, this Court is satisfied that it may rule upon this Motion since Plaintiff did not file a supporting affidavit, and the letter accompanying his motion merely restates the first half of § 144 without providing any factual basis demonstrating why recusal is required. *See Carter*, 2011 WL 5864083, at *10 n.7 ("because no supporting affidavit was filed by Plaintiff to satisfy the 'sufficiency test,' this motion for recusal may be ruled upon by this Court"); *see also Livingston v. Hibbert-Livingston*, No. 24-01216, 2025 WL 1057736, at *1-2 n.2 (D.N.J. Mar. 26, 2025) (sufficiency test not met where, rather than filing an affidavit, Livingston instead submitted an accompanying letter "regurgitat[ing] the first half of the statute [§ 144]" without providing any "factual basis or explanation" as to why recusal was required; and the Court determined that it could rule on the recusal motion).

motions for recusal of presiding district judge under § 144 and § 455 where plaintiff's motions included "unfounded and conclusory allegations").

In addition, Plaintiff does not identify extrajudicial conduct that would justify recusal under §§ 144 or 455. *See Clauso*, 2022 WL 92803, at *1. To the extent that Plaintiff seeks recusal because he is frustrated with adverse rulings in this case, judicial decisions alone do not provide an adequate basis for recusal. *See Liteky* 510 U.S. at 555; *see also Securacomm Consulting*, 224 F.3d at 278.

Accordingly, Plaintiff has failed to demonstrate bias or prejudice warranting recusal pursuant to §§ 144 or 455.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for recusal is denied.

**IT IS** on this 11th day of September 2025,

**ORDERED** that Plaintiff's motion to recuse the Honorable Jamel K. Semper (ECF 47) is **DENIED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Stacey D. Adams, U.S.M.J.
Parties