**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON, *Plaintiff,* v. CITY OF ENGLEWOOD NEW JERSEY, *Defendant.* | Case No.: 24-cv-06396 **OPINION AND ORDER** September 15, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon Defendant City of Englewood's ("Defendant") Motion to Dismiss Plaintiff Bradley Livingston's ("Plaintiff") First Amended Complaint (ECF 46, "FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 63, "Def. Mot." or "Motion"). Plaintiff opposed the Motion. (ECF 65, "Opp."). The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED**, and Plaintiff's FAC is **DISMISSED with prejudice**.

**WHEREAS** Plaintiff, a frequent filer in this District, claims that the Englewood Police Department (the "Englewood PD") did not "properly fulfill their duties of law and protecting the citizens in a safe environment[.]" (FAC at 1.) Although his Complaint is not the model of clarity, Livingston appears to allege that his former wife falsely reported domestic abuse to the Englewood PD and, although she was an illegal immigrant in the United States, the Englewood PD did not report Plaintiff's ex-wife to Immigration and Customs Enforcement. (FAC at 1-2); and

**WHEREAS** Plaintiff appears to bring claims for violation of (1) the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. (the "INA"); (2) the Immigration Marriage Fraud Amendments Act of 1986, 8 U.S.C. § 1325, 18 U.S.C. § 1546(a) (the "IMFA"); (3) N.J.S.A. 2C:28-4a; (4) the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq. (the "CRA"); and (5) 24 U.S.C. 1983 ("Section 1983") (*See* FAC); and

**WHEREAS** Plaintiff filed this case on May 22, 2024. (ECF 1.) On January 8, 2025, this Court granted Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF 44, ECF 45.) That same day, Plaintiff filed an Amended Complaint (ECF 46). On February 12, 2025, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint (ECF 63.) On the same day, Plaintiff filed an opposition to the Motion to Dismiss.[1] (ECF 65.) On September 2, 2025, Magistrate Judge Stacey D. Adams denied and administratively terminated a number of Plaintiff's pending motions (ECF 94 at 2); stayed the case pending resolution of the Motion (*id.* at 2-3); and barred Plaintiff from making further filings absent leave of the Court (*id.*); and

**WHEREAS** Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

---

[1] In accordance with Magistrate Judge Stacey D. Adams's order at ECF 94, Plaintiff's opposition to the motion to dismiss was refiled at ECF 95.

quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789; and

**WHEREAS** in evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010); and

**WHEREAS** it is well established that a pro se complaint "however inartfully pleaded[,] must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is obligated to construe pro se claims liberally. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). However, Plaintiff's claims must be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that a complaint's allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a pro se plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); and

**WHEREAS** here, Plaintiff's FAC does not pass muster under Fed. R. Civ. P. ("Rule") 8(a).[2] The FAC fails to assert any legally cognizable claim against Defendant. Instead, the FAC blames Defendant, in conclusory fashion, for not enforcing federal immigration law as it pertains to Plaintiff's ex-wife's alleged immigration fraud. (*See* FAC at 1-2.). Plaintiff also appears to allege that his ex-wife falsely reported him to the Englewood PD for domestic abuse, without including any facts demonstrating how Defendant engaged in any type of misconduct as it pertains to the domestic abuse allegations. (*See id.*); and

**WHEREAS** the Court agrees with Defendant that Plaintiff has also failed to state a claim under Section 1983 or the CRA.[3] To obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). The NJCRA was modeled after 42 U.S.C. § 1983; it creates a private cause of action for violations of civil rights secured under the New Jersey Constitution. *Slinger v. New Jersey*, No. 07–5561, 2008 WL 4126181, *5-6 (D.N.J. September 4, 2008), *rev'd on other grounds*, 366 Fed. Appx. 357 (3d Cir. 2010); *Armstrong v. Sherman*, No. 09–716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010). Plaintiff fails to allege a cause of action under either statute because he has failed to identify which rights Defendant allegedly violated or how; and

---

[2] Rule 8(a) requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

[3] New Jersey courts have "repeatedly interpreted NJCRA analogously to § 1983." *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) (quoting *Gonzalez v. Auto Mall 46, Inc.*, Nos. 2412–09 & 216–10, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012)).

4

**WHEREAS** Plaintiff's reference to the *Monell* doctrine does not save his Section 1983 claim.[4] (*See* FAC at 3-4.) Plaintiff's FAC merely attempts to recite the legal standard associated with this doctrine without providing any supporting facts. (*See id.*). This Court need not accept Plaintiff's conclusory allegations and mere recitals of law. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss.") (internal quotations omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); and

**WHEREAS** Plaintiff's claims under the INA and IMFA also fail. The INA does not create a private right of action to collect damages for immigration fraud. *See Smith v. Smith*, No. 20-9120, 2020 WL 5626982, at *2 (D.N.J. Aug. 18, 2020) (collecting cases). As to the IMFA, Plaintiff references criminal penalties under this statute. (*See* FAC at 1.) Additionally, immigration marriage fraud under 8 U.S.C. § 1325 does not provide for a private cause of action. *See* 8 U.S.C. § 1325(c); *Graham v. Rawley*, No. 14-6743, 2016 WL 7477756, at *4 (D.N.J. Dec. 29, 2016). Nor does 18 U.S.C. § 1546, which provides criminal penalties for forging identification documents. Similarly, Plaintiff cannot maintain his claim for N.J. Stat. Ann. § 2C:28-4(a)[5], a state criminal statute, because he does not have standing to assert such a claim. *See Hamilton v. Dolce*, No. 18-2615, 2019 WL 4509375, at *7 (D.N.J. Sept. 19, 2019) (citations omitted); and

---

[4] A Section 1983 claim against a municipality cannot be predicated on a *respondeat superior* theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Instead, a municipality "may be sued under § 1983 only for acts implementing an official policy, practice or custom." *Losch v. Borough of Parkesburg, Pa.*, 736 F.2d 903, 910 (3d Cir. 1984) (citing *Monell*, 436 U.S. at 690-91).
[5] N.J. Stat. Ann. § 2C:28-4(a) states: "A person who knowingly gives or causes to be given false information to any law enforcement officer with purpose to implicate another commits a crime of the third degree, except the offense is a crime of the second degree if the false information which the actor gave or caused to be given would implicate the person in a crime of the first or second degree."

**WHEREAS** dismissal with prejudice "is appropriate if amendment would be inequitable or futile." *A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*, No. 20-18509, 2021 WL 1840039, at *1 (D.N.J. May 7, 2021). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, Plaintiff was provided the opportunity to amend his claims but has again failed to state a claim upon which relief can be granted. (*See* ECF 44, ECF 45.) Thus, this Court finds that further amendment of Plaintiff's claims would be futile. *See Trumper v. GE Cap. Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (dismissing plaintiff's amended complaint where plaintiff, "despite being given a second bite at the apple," was still "unable to cure the deficiencies in her original [c]omplaint").

Accordingly, **IT IS** on this 15th day of September, 2025,

**ORDERED** that Defendant's Motion to Dismiss (ECF 63) is **GRANTED**, and it is further

**ORDERED** that Plaintiff's First Amended Complaint (ECF 46) is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Stacey D. Adams, U.S.M.J.
    Parties